**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TOWNSEND POWERS,

       Plaintiff,

vs.                                                        Case No.  3:06-cv-363-J-20MCR

AVONDALE BAPTIST CHURCH, et. al.,

       Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's *pro se* Complaint (Doc. 1) and

Affidavit of Indigency (Doc. 2), which the Court construes as a motion for leave to

proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a)(1).

The Court may, upon a finding of indigency, authorize the commencement of an

action without requiring the prepayment of costs, fees, or security.  28 U.S.C.

§1915(a)(1).   However, when an application to proceed *in forma pauperis* is filed, the

Court is obligated to review the case and to dismiss it if the Court determines the action

is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if

the complaint seeks monetary relief against a defendant who is immune from such

relief.  28 U.S.C. §1915(e)(2).

An *in forma pauperis* complaint is considered frivolous if the Court determines

the factual allegations are "clearly baseless" or the legal theories are "indisputably

meritless."  Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989).  In reviewing

the Complaint, the undersigned applied "the liberal construction to which *pro se*

pleadings are entitled." <u>Holsomback v. White</u>, 133 F.3d 1382, 1386 (11th Cir. 1998).

However, liberal construction cannot serve as a substitute for establishing a cause of

action.  <u>See</u> <u>GJR Investments, Inc. v. County of Escambia Florida</u>, 132 F.3d 1359, 1369

(11th Cir. 1998).

    In this case, Plaintiff has filed a complaint against a church and numerous

individuals alleging violations of Title VII of the Civil Rights Act of 1964 and the

Americans with Disabilities Act.  The Complaint does not provide any facts to support

the claims.  Although the Court cannot discern any factual basis for this suit, the

Complaint may be susceptible to amendment.  The Court will therefore provide Plaintiff

with an opportunity to file an amended complaint.

    The amended complaint must include all of Plaintiff's claims in this action; it

should not refer back to the original filings.  Plaintiff must specify in the caption of his

amended complaint all of the defendants he seeks to include in this action, and must

properly and completely identify each defendant.  Plaintiff must also set forth with

specificity the nature of his causes of action and how each named defendant is involved

in the alleged wrongdoing.  Plaintiff is further advised that Rule 8(a)(2) of the Federal

Rules of Civil Procedure requires the complaint contain "a short and plain statement of

the claim showing that the pleader is entitled to relief" and Rule 10(b) states that "all

averments of claim or defense shall be made in <u>numbered paragraphs</u>, the contents of

each of which shall be limited as far as practicable to a statement of a single set of

circumstances...."  Finally, Fed. R. Civ. P. 8(a)(3) requires a complaint to include "a

demand for judgment for the relief the pleader seeks."

The Clerk is directed to furnish Plaintiff with a Step-By-Step Guide to Filing a Civil Action in the United States District Court Jacksonville/Ocala Divisions. Plaintiff may wish to obtain a copy of the Court's Local Rules which are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov or may be obtained from the Clerk's Office.  The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff shall file an amended complaint no later than **Wednesday, May 10, 2006**.  In the meantime, the request to proceed *in forma pauperis* will be taken under advisement.  Failure to file an amended complaint will result in the undersigned entering a report and recommendation to deny Plaintiff's request to proceed *in forma pauperis*. In lieu of responding, Plaintiff is free to pay the required filing fee.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this   24th   day of April, 2006.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Plaintiff

-3-