```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   JACKSONVILLE DIVISION
```

Townsend Powers,

           Plaintiff,

vs.                                        Case No.   3:06-cv-363-J-33MCR

Avondale Baptist Church, n/k/a Grace Church of Avondale; Rev. Roger Stork; David Dobson, Property Manager; Jonathan Scott; and Harry Ginney,

           Defendants.
_____/

**ORDER**

     This cause comes before the Court upon review of the file.  On October 13, 2006, this Court entered an Order to Show Cause (Doc. # 14), which directed Plaintiff to show cause why this case should not be dismissed for lack of prosecution pursuant to Local Rule 3.10.  Plaintiff responded to the Order to Show Cause by filing a document entitled Cause for Failure to Perfect Service of Process (Doc. # 15) on October 25, 2006.

     In his response, Plaintiff stated that he had never received the following documents that had been mailed to him by the Clerk's office: (1) the Order granting Plaintiff's Motion for Leave to File In Forma Pauperis and denying Plaintiff's Motion to Appoint Counsel; (2) the Order informing Plaintiff of this Court's rules for pro se plaintiffs; and (3) the blank summons forms.  Plaintiff states that he only learned of these documents' existence after he

received the Order to Show Cause and went to the Clerk's office in person to seek assistance.

Plaintiff stated that "[c]ompleted summons forms with process receipt and return forms are submitted to the Clerk of the Court concurrent with" his response to the Order to Show Cause. (Doc. # 15, p. 2.) Plaintiff also requested an additional fourteen days to perfect service of process. Finally, Plaintiff requested that the Court reconsider its denial of Plaintiff's Motion to Appoint Counsel "in light of the Plaintiff's indigence, poor literacy, and failed efforts to retain private counsel." (Doc. # 15, p. 2.)

Because the Magistrate previously denied Plaintiff's Motion to Appoint Counsel, the instant request amounts to a Motion for Reconsideration and is construed as such. The Motion is due to be denied because a motion for reconsideration should be granted only where there has been "a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)(citing Harlingen v. City of Dunedin, No. 90-1358-Civ-T-17(c), 1992 U.S. Dist. LEXIS 10136, at *2 (M.D. Fla. 1992)). Plaintiff has given no indication that such a change has occurred and merely reiterates his previous arguments that he is indigent, has trouble reading or comprehending the Court's Orders, and has not been able to retain private counsel. For the reasons stated in the Magistrate Judge's Order (Doc. # 9, p. 4), Plaintiff's

arguments are not sufficient to justify appointment of counsel in this case. Thus, Plaintiff's request for reconsideration is due to be denied.

While the Court declines to reconsider the denial of Plaintiff's Motion to Appoint Counsel, it recognizes that Plaintiff is proceeding pro se and, as such, will accord him the leniency traditionally provided to pro se litigants. Although more than two months have passed since Plaintiff requested an additional fourteen days to perfect service, Plaintiff will be given an additional opportunity to fulfill his obligation to perfect service. Plaintiff is granted an extension until March 1, 2007 to perfect service upon Defendants. Plaintiff is cautioned, however, that failure to perfect service by March 1, 2007 may result in dismissal of this case without further notice.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

1. Plaintiff's Motion for Reconsideration of the Magistrate Judge's denial of Plaintiff's Motion to Appoint Counsel is **DENIED.**

2. Plaintiff is granted an additional extension of time until March 1, 2007 to perfect service upon Defendants; however, Plaintiff is cautioned that failure to perfect service by March 1, 2007 may result in dismissal of this case without prejudice.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 15th day of February, 2007.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record
Townsend Powers, Pro Se