UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TOWNSEND POWERS,

                Plaintiff,

vs.                                                 Case No.  3:06-cv-363-J-33MCR

AVONDALE BAPTIST CHURCH,
ROGER STARK, DAVID DODSEN,
JONATHAN SCOTT, HARRY GANNEY, and
LEA ANN RUMMELL,

                Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Avondale Baptist[1] and the individual Defendants' Motion to Dismiss (Doc. #23), filed on March 19, 2007.  Powers filed his Response (Doc. #27) on April 9, 2007.  For the reasons stated below, the motion is granted in part and denied in part.

**I.    STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party.  See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367,

---

[1] Defendants contend that Avondale Baptist is no longer a party because it was "no longer identified as a Defendant in the Second Amended Complaint." (Doc. #23 at 2.) The Court is not persuaded by Defendants' argument because it is obvious from a facial reading of the Second Amended Complaint that Powers erroneously omitted Avondale Baptist in the caption. Therefore, Avondale Baptist is still a party to this action.

1370 (11th Cir. 1998)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"The allegations of a complaint, especially a pro se complaint, must be read in a liberal fashion." Faulk v. City of Orlando, 731 F.2d 737, 789-90 (11th Cir. 1984) (citations omitted). However, no matter how liberally read, the statements must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003) (quoting Conley, 355 U.S. at 47). The complaint must contain inferential allegations from which the Defendant can derive "each of the material elements necessary to sustain a recovery under some viable theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001). Thus, the issue in a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her claims, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. Jackam v. Hosp. Corp. of Am. Mideast, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

**II.   FACTS**

Powers alleges that Avondale Baptist Church (Grace Church of Avondale) and the above named individual defendants harassed and discriminated against him in violation of Title VII, the Americans with Disabilities Act, and Title XI, Chapter 402 of the Jacksonville Municipal Code. (Doc. #11 at 3-4.) The individual Defendants are alleged to be employees of Avondale Baptist:

Reverend Roger Stark; Pastor David Dobson; Property Manager Jonathan Scott, Pastor Harry Ganney; and Lea Ann Rummel. Powers states that Avondale Baptist employed him as a custodian from January 2000 until May 9, 2005. (Doc. #11 at 3; Doc. #23 at 1.) Powers claims that he was subjected to harassment and discrimination because of his race. (Doc. #11 at 3.) Powers alleges that the individual Defendants directed racial slurs at him on daily basis. (Doc. #6 at 5; Doc. #11 at 1.) Powers also alleges that Dodson, Scott, and Ganny "put something in [his] drink" on one occasion. (Doc. #11 at 1.) Powers claims to have complained about this treatment to Stark. (Doc. #11 at 1.) He further alleges that Stark did nothing about the situation, and the conditions under which he worked continued. (Doc. #11 at 1.)

Defendants argue in their Motion to Dismiss that Powers' claims should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). (Doc. #23 at 3.) Defendants allege that Avondale Baptist is not an employer within the meaning of Title VII because it has never employed more than fifteen employees, and the individual defendants were never Powers' employer within the meaning of Title VII or the ADA. (Doc. #23 at 3.) Finally, the Defendants allege that Powers "has never filed a charge of disability discrimination and as such has failed to exhaust his administrative remedies." (Doc. #23 at 3.)

### III. ANALYSIS

#### A. Rule 12(b)(1) - Lack of Subject Matter Jurisdiction

As an initial matter, the Court rejects Defendants contention that this Court lacks subject matter jurisdiction over Powers' claim because he has failed to specifically allege that Avondale Baptist meets the Title VII employee threshold. Defendants cite <u>Atkins v. JAD Hoisery, Inc.</u>, 19 F. App'x 414 (7th Cir. 2001), for the proposition that, because Avondale Baptist allegedly

employed fewer than fifteen employees during the applicable period, the "Court should dismiss [Powers'] claim under Rules 12(b)(1) or 12(b)(6)." However, the Atkins court specifically stated:

> the district court incorrectly determined that the small employer exemption under Title VII is jurisdictional and therefore erred in dismissing [plaintiff's] complaint under Rule 12(b)(1) . . . and here, because the district court relied on matters outside the complaint in ruling on [defendant's] motion to dismiss, it should have [considered] that motion . . . a motion for summary judgment.

19 F. App'x at 416. While Title VII and ADA have numerical employee thresholds, these thresholds are not the properly considered in a Rule 12(b)(1) motion challenging the Court's jurisdiction. See, e.g., Arbaugh v. Y&H Corp, 546 U.S. 500, 514-15 (2006) (holding Title VII employee numerosity requirement not jurisdictional element); EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 623-24 (D.C. Cir. 1997) (ADA numerosity requirement not jurisdictional). "[T]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." Arbaugh, 546 U.S. at 516.

  B.  **Rule 12(b)(6) - Failure to State a Claim**

  Defendants further argue that Powers has failed to state a sufficient claim because Avondale Baptist has never employed more than fifteen people at any time, and thus not subject to Title VII. However, the Court, after reading Powers' Second Amended Complaint carefully, determines that dismissal is inappropriate. In reviewing a complaint before the submission of any evidence, the Court's role is limited. See Scheur v. Rhodes, 416 U.S. 232, 236 (1976). The question the Court must answer is whether Powers has met the pleading requirements established by Federal Rule of Civil Procedure 8(a). Rule 8 requires that a plaintiff plead "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and

plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Powers is not required to plead facts supporting each and every element of his prima facie case. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). Powers is only required to plead sufficient facts to give [Avondale Baptist] fair notice of what [his] claim is and the grounds upon which it rests." Id. at 512 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Powers alleged sufficient facts for a racial discrimination or harassment claim under Title VII to satisfy the requirements of Rule 8.

Title VII does define an employer as a business having more than fifteen employees, but the employee numerosity requirement is "more appropriately considered in a motion for summary judgment," not in a Rule 12(b)(6) motion testing the sufficiency of a plaintiff's claim.[2] See Edwards v. Starkes, No. 02:06-CV00608-LRH, 2007 WL 675299, at *2 (D. Nev. Mar. 02, 2007) (finding Rule 12(b)(6) dismissal inappropriate as to plaintiff's claims when plaintiff requested 60 day discovery period regarding the number of people employed by her former employer). As such, Defendants' arguments regarding the employee numerosity requirement's effect on the Court's jurisdiction and the sufficiency of Powers' claim are unconvincing. Whether Avondale Baptist in fact employed a sufficient number of employees to be subject to Title VII is a factual question to be determined at a later stage. At this juncture, the Court declines any invitation to consider Defendants' Motion to Dismiss as a motion for summary judgment.

---

[2]The Court also notes that Powers claimed Avondale Baptist employs more than fifteen employees in his EEOC charge. (Doc. #6 at 7; Doc. #8 at 2; Doc. #8 at 5.)

## C. ADA Discrimination Claim

Any ADA claims Powers alleges in his Second Amended Complaint must be dismissed without prejudice because Powers has not exhausted available administrative remedies. A plaintiff cannot raise a claim in court that he did not raise in his EEOC charge unless it is like or related to the charge's allegation. Chanda v. Engelhard/ICC, 234 F.3d 1219, 1225 (11th Cir. 2000). Powers did not indicate disability as a basis for his employer's action in either of the EEOC complaints. (Doc. #6 at 7; Doc. #8 at 2.) While failing to mark the "disability box" on his EEOC complaint is not fatal to Powers' ADA claim, Powers' complaint is "limited by the scope of the EEOC investigation that could reasonably be expected to develop out of the charges asserted of discrimination." Ramon v. AT&T Broadband, 195 F. App'x 860, 865 (11th Cir. 2006) (citing Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004)). "However, the scope of an EEOC complaint should not be strictly interpreted." Id. The Court is "extremely reluctant to allow procedural technicalities to bar claims brought under Title VII." Gregory, 355 F.3d at 1280 (internal citations and alterations omitted).

Regardless, no matter how liberally the Court reads Powers' EEOC charges, it cannot construe the language to reasonably encompass an ADA claim. Put another way, no EEOC investigation of disability discrimination by Avondale Baptist could have reasonably grown out of Powers' EEOC complaints. Powers claimed that he was subjected to racial slurs, harassment, and negative employment references because of his race. (Doc. #6 at 7; Doc. #8 at 2.) Powers did not claim that he was the victim of any alleged discriminatory or harassing actions because of his protected status as a disabled person. In fact, Powers does not allege that he is in fact disabled anywhere in either of his EEOC complaints or his Second Amended Complaint. As

such, it is clear that no reasonable EEOC investigation of disability discrimination could have arisen out of Powers' race discrimination claims. See, e.g., Hillemann v. Univ. of Cent. Fla., 167 F. App'x 747, 749-50 (11th Cir. 2006) (race and sex discrimination claims procedurally barred when plaintiff only alleged and provided facts regarding age discrimination in EEOC complaint); Gaston v. Home Depot USA, 129 F. Supp. 2d 1355, 1366 (S.D. Fla. 2001) (finding it "quite clear that [plaintiff's discrimination and retaliation] claim was based on race, and it is not reasonable to expect that a subsequent EEOC investigation would also embrace national origin"). As such, the Court dismisses Powers' ADA claims without prejudice.

      **D.**     **Dismissal of Individual Defendants**

Defendants also argue that they should be dismissed in their individual capacities because Powers has not claimed that they were employers. The individual Defendants are employees of Avondale Baptist: Reverend Roger Stark; Pastor David Dobson; Property Manager Jonathan Scott, Pastor Harry Ganney; and Lea Ann Rummel. The Eleventh Circuit clearly holds that individual capacity suits under Title VII are inappropriate. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." Id. The individual Defendants are clearly employees of Avondale Baptist, not employers subject to Title VII suits. Therefore, the Court dismisses Stark, Dodsen, Scott, Ganney, and Rummell in their individual capacities from this case.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

Defendants' Motion to Dismiss (Doc. #5) is **GRANTED IN PART** and **DENIED IN PART**:

1) Defendants' Motion to Dismiss is **DENIED** as to the Title VII race discrimination claims against Avondale Baptist Church;

2) Defendants' Motion to Dismiss is **GRANTED** as to Power's claim under the Americans with Disabilities Act;

3) Defendants' Motion to Dismiss is **GRANTED** as to the Title VII race discrimination claims against the individual defendants. All claims against Defendants Roger Stark, David Dodsen, Jonathan Scott, Harry Ganney, and Lea Ann Rummell in their individual capacities are **DISMISSED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 9th day of August, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record
All Pro Se Parties